**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AMY CATHERINE SCHORNO, | No. 10-35772 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05778-RBL |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation; JOHN DOES, 1-10, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 11, 2011
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior
District Judge.**

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for Eastern New York, Brooklyn, sitting by designation.

Amy Schorno appeals the district court's (1) summary judgment orders eliminating State Farm Fire & Casualty Co.'s duty to defend and Schorno's bad faith claim for the refusal to defend and (2) orders denying several motions to compel discovery. We affirm.

I.

State Farm properly denied tender of Schorno's defense. Schorno's State Farm homeowner's policy (1) only covers claims for "bodily injury" caused by an "accident," and (2) excludes coverage for bodily injury that is "expected or intended by the insured." The Kannadas' demand letter and counterclaims allege that Schorno engaged in a pattern of intentional, non-accidental conduct between 2000 and 2005, involving, among other things, rape, molestation, sexual abuse of a child, sexual grooming, and intentional infliction of emotional distress. Because Washington courts infer an intent to inflict harm in cases involving sexual abuse, *Rodriguez v. Williams*, 729 P.2d 627, 630–31 (Wash. 1986), the alleged conduct was neither accidental nor unintentional.

Additionally, it does not matter that Kevin Kannada reached the age of majority during the period of alleged sexual contact, because that would not have made the claimed abuse any more of an "accident." Even if the allegations against Schorno were not true, as she contends, insurance coverage is based on the claims

2

made.  That the claims might have been untrue did not trigger coverage because the acts alleged were still not "accidents."  Further, Schorno's insurance policy provides that "[r]epeated or continuous exposure to the same general conditions is considered to be one occurrence."  Because the Kannadas allege Schorno engaged in a continuous pattern of abuse running from Kevin's childhood to his age of majority, the abuse must be treated as a single, non-accidental occurrence.

Although Jeff and Katha Kannada raised claims sounding in negligence —including negligent infliction of emotional distress and negligent supervision of a minor—these claims are likewise excluded from coverage.  First, Schorno's insurance policy specifically excludes coverage for claims of "emotional distress."  Second, where "an abuser's allegedly negligent acts toward a victim are close in space and time, or inextricably linked, to a continuous pattern of sexual abuse of the victim, an *intent to injure* can be inferred as a matter of law."  *Am. Economy Ins. Co. v. Estate of Wilker,* 977 P.2d 677, 681 (Wash. Ct. App. 1999) (emphasis added).  Because the Kannadas alleged that Schorno's negligent supervision was both close in space and time to the alleged abuse and inextricably linked to Schorno's pattern of grooming and alienating Kevin from his parents, Schorno's allegedly negligent conduct must be treated as intentional conduct.

3

Finally, State Farm's defense of the negligence claims against Amy

Schorno's husband, Dan, did not create an obligation to defend the intentional

misconduct claims against Amy. An insurance policy can indemnify one insured

for negligent conduct while excluding coverage for the intentional conduct of

another insured under the same policy. *See, e.g.*, *Pac. Ins. Co. v. Catholic Bishop

of Spokane,* 450 F. Supp. 2d 1186, 1198–99 (E.D. Wash. 2006); *c.f. Unigard Mut.

Ins. Co. v. Argonaut Ins. Co.*, 579 P.2d 1015, 1018–19 (Wash. Ct. App. 1978),

*disagreed with on other grounds by Rodriguez*, 729 P.2d at 631.

## II.

The district court did not abuse its discretion in denying Schorno's motions

to compel discovery. Schorno failed to show (1) how the additional sought-after

evidence would be relevant to the issue of State Farm's duty to defend, and (2) that

evidence of bad faith actually existed and was not the object of pure speculation.

*Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). State

Farm's duty to defend turned on whether the "complaint against [Schorno],

construed liberally, allege[d] facts which could, if proven, impose liability upon

the insured within the policy's coverage." *Woo v. Fireman's Fund Ins. Co.*, 164

P.3d 454, 459 (Wash. 2007) (citation omitted). Schorno had all the information

necessary for her claim. State Farm had already produced Schorno's claim file,

which included correspondence showing the analysis and decision process that led to the determination of the denial of the claim, a copy of Schorno's insurance policy, the Kannadas' demand letter, and the Kannadas' counterclaims.

Additionally, Washington's attorney work-product privilege protects the redacted communications between State Farm and Dan Schorno regarding State Farm's defense of Dan Schorno from the Kannadas' negligence claims. *See Heidebrink v. Moriwaki*, 706 P.2d 212, 216–17 (Wash. 1985). Likewise, Washington's attorney-client privilege protects the redacted communications between State Farm and its coverage counsel, even in a bad faith denial of coverage action. *See Cedell v. Farmers Ins. Co. of Wash.*, 237 P.3d 309, 314 (Wash. Ct. App. 2010). Schorno failed to make "a prima facie showing of bad faith tantamount to civil fraud" to justify *in camera* review of the disputed documents for evidence of an alleged fraud. *Id.*

### III.

Lastly, we deny Schorno's request for costs and fees.

**AFFIRMED**.

5